[No. 533. Decided July 12, 1892.] ·

JOHN SEIBENBAUM, *Respondent,* v. RICHARD DELANTY, *Sheriff,* AND THE ROSENFELD-SMITH COMPANY, *Appellant.*

ATTACHMENT—CLAIM OF THIRD PERSON—TITLE TO SUPPORT.

One who holds a bill of sale of goods as security for a debt cannot maintain an action against a Sheriff who is in possession of the goods under a levy of attachment against the person giving the bill of sale.

*Appeal from Superior Court, Jefferson County.*

· This action arose out of the claim of John Seibenbaum to property which had been attached by the sheriff in a

suit brought by the Rosenfeld-Smith Company against A. G. Lundstrom. From a judgment for claimant the sheriff and the Rosenfeld-Smith Company appealed.

*Tyler, Hays & Tyler*, for appellant.

*Smith & Felger*, for respondent.

The opinion of the court was delivered by

HOYT, J.—This was a proceeding, under §§ 491 to 495, of the Code of Procedure, by which plaintiff obtained possession of certain goods which had been levied upon by the sheriff defendant at the instance of the other defendant, as the property of one Lundstrom, which said plaintiff claimed as his own. Some questions preliminary to the merits were decided by the court below, and are assigned here as error. But we have in several cases decided recently, passed upon the same questions, and it will not be necessary to do so again. The substance of our decisions has been that the affidavit provided for in said chapter is the only pleading necessary for the investigation of title to property under said chapter, and that the only issue which can be determined thereunder is as to whether or not the title and right of possession of the property is in the plaintiff.

Upon the trial of the merits of the cause, after the plaintiff had rested his case, the defendants moved the court to instruct the jury to find a verdict in their favor, and the refusal of the court so to do is the principal alleged error which we are called upon to review. There were certain other questions decided by the court which are here assigned as error, but we think that a decision of the principal one above mentioned is all that is necessary for the proper decision of this cause.

The testimony on the part of the plaintiff was, as we view it, entirely uncontradicted, and established, or tended to establish, only one state of facts, for while it is true that the

plaintiff testified that he bought the goods in question, and
said Lundstrom testified that he sold the same, yet these
expressions could have no force at all tending to control
the undisputed recital of facts by each of these witnesses.
Such undisputed facts were that the bill of sale which was
given by Lundstrom to the plaintiff was given solely to secure
the plaintiff for a certain sum of money due to him, and a
certain other sum of money for which he was responsible to
a third person.  Each of said witnesses testified clearly and
explicitly that the transaction was solely for the purpose of
securing the plaintiff as above stated, and neither of them
testified that there was in fact any understanding between
the parties that such indebtedness to the plaintiff or to the
third party was, by the transaction of giving the bill of sale
of the goods in question, paid and satisfied.  Taking all of
the testimony on the part of the plaintiff, and construing it
as favorably as possible in support of his claim to the goods
in question, it cannot possibly be made to appear therefrom
that the transaction between the plaintiff and said Lund-
strom amounted to a sale of the goods in question.  Not
one single fact testified to by any witness tended in the re-
motest degree to establish the fact of such sale, excepting
the bare statement on the part of the alleged purchaser that
he bought, and on the part of the alleged seller that he sold,
and in the light of the facts made to appear by their testi-
mony these statements must be treated as bare legal conclu-
sions on the part of the witnesses.  They, doubtless, used
these expressions in reference to the transaction, for the
reason that the form of the security which was given and
accepted was that of an absolute transfer of the property.
This would justify them in speaking of the transaction as a
purchase and sale, but could in no sense control the legal
aspects of the transaction to be gathered from the facts
which transpired between the parties.  The bill of sale,
then, at most was only a security for the payment of certain

moneys, and did not convey to the plaintiff the title to the goods described therein.

And with the transaction between the plaintiff and said Lundstrom thus interpreted, it is clear that the plaintiff had no such title as, under the circumstances which were made to appear by the testimony in this case, would justify him in taking the property from the sheriff by virtue of the provisions of the chapter under which this proceeding was instituted. It is, therefore, not necessary for us to decide at this time whether the bill of sale can have force as security or not. It is sufficient for us to hold that the plaintiff failed entirely to show such title in himself as would authorize the proceeding. The motion of the defendants that the jury be instructed to return a verdict in their favor should have been granted. The undisputed proof showed the goods to have been worth four hundred dollars, and that the attachment under which the sheriff had taken possession thereof was for more than that sum. It follows that the defendants were entitled to a judgment as against the plaintiff for the sum of four hundred dollars.

The judgment will be reversed and the cause remanded, with instructions to enter judgment in favor of defendants for the sum of four hundred dollars with costs.

ANDERS, C. J., and STILES, SCOTT and DUNBAR, JJ., concur.